NOT DESIGNATED FOR PUBLICATION

No. 122,795

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN L. HARRIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 12, 2021. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.

PER CURIAM: Steven L. Harris appeals the trial court's sentence. We granted Harris' motion for summary disposition in lieu of briefs under Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not respond. We dismiss this appeal.

On September 4, 2015, Harris committed involuntary manslaughter while driving under the influence of alcohol. Harris pleaded no contest. As part of Harris' plea agreement, the State agreed to a six-month downward durational departure. Defense counsel explained, however, that both parties could argue for or against any additional departures. Before sentencing, Harris moved for a dispositional departure to probation and a downward durational departure. At sentencing, the trial court found that there was

1

not a substantial or compelling reason to depart to probation or to a jail sanction. The trial court, nevertheless, granted Harris a durational departure of six months, as agreed to in his plea agreement. And the trial court specifically ruled that "no substantial and compelling reasons to depart to probation [existed] and den[ied] the Defendant's motion for [a] dispositional departure." The trial court sentenced Harris to 148 months' prison term with 36 months of postrelease supervision.

In March 2020, the trial court granted Harris' motion to file an out-of-time appeal. On appeal, Harris argues that the trial court erred by granting a durational departure of only six months. Under K.S.A. 2019 Supp. 21-6820(c)(2) the appellate court cannot review any sentence resulting from an agreement between the State and the defendant that the sentencing court approves on record. This includes departure sentences agreed to by the State and the defendant. *State v. Cooper*, 54 Kan. App. 2d 25, 28, 394 P.3d 1194 (2017).

Harris entered into a plea agreement with the State where he would receive a six-month durational departure. The trial court recognized that the standard sentence for Harris would be 154 months' imprisonment and rejected Harris' argument that it should depart because a 25-year-old conviction for driving under the influence caused the sentence to be that high. The trial court had a substantial and compelling reason to grant Harris a six-month durational departure because the State had agreed to this action. The trial court approved this sentence on record. Also, the trial court properly factored in Harris' previous driving under the influence conviction under K.S.A. 2019 Supp. 21-6811(c)(2). We, thus, cannot review the departure sentence and dismiss this appeal.

Appeal dismissed.